1
2
3
4
5

## UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7

8   BIZAPEDIA, LLC,                              )
                                                 )
9              Plaintiff,                         )        Case No. 2:14-cv-00220-APG-GWF
                                                 )
10  vs.                                          )        **ORDER**
                                                 )
11  DOES 1-10,                                   )
                                                 )
12             Defendants.                        )
    _____ )
13

14      This matter is before the Court on Plaintiff Bizapedia, LLC's Ex Parte Motion for Leave to

15  Conduct Early Discovery (#9), filed on February 28, 2014.  The Court conducted a hearing in this

16  matter on March 17, 2014.

17                         **BACKGROUND AND DISCUSSION**

18      Plaintiff Bizapedia, LLC is a Nevada limited liability company that owns and operates a

19  website known as "Bizapedia."  Bizapedia states that it extracts information from public business

20  record filings, centralizes the information in a searchable database and makes the information

21  available to the public at no charge on its website.  Bizapedia states that if a person or business

22  wishes to have his/her/its information hidden from public searches, then upon request, Bizapedia

23  will remove the information from its website at no charge.  While Bizapedia does not charge people

24  to run searches on its website, Bizapedia is engaged in a commercial enterprise that generates

25  revenue primarily through advertising on its site.

26      Bizapedia alleges in its complaint, that the Defendants, whom it has not been able to

27  identify by their true names, have anonymously published false and disparaging statements about

28  Bizapedia on various "consumer watchdog" websites, including <pissedconsumer.com>,

<complaintsboard.com>, <usaconsumercomplaints.com>, and <complaintwire.org>. The published statements included statements that Bizapedia's business conduct is fraudulent and illegal, and that an officer or owner of Bizapedia was previously convicted for possession of child pornography. Bizapedia has unsuccessfully attempted to identify Defendant(s) through use of technical means. Bizapedia has also written to the "consumer watchdog" websites requesting that they remove the offending posts. The websites have not directly responded to Bizapedia's letters, but in some instances have removed the offending posts. Bizapedia believes that the publisher of the various defamatory posts are the same person or group of persons based on the similarity of the information and language used in the posts. Bizapedia also believes that the Defendant(s) may be a Nevada resident(s) and, on information and belief, is a competitor of Bizapedia, rather than a consumer.

As a general rule, a party may not conduct discovery before the parties have met and conferred pursuant to Fed.R.Civ.Pro. 26(f). A court may for good cause authorize early discovery "'for the parties' and witnesses' convenience and in the interests of justice.' Fed. [R.Civ.Pro.] 26(d)(2).'" *Quad International, Inc. v. Doe*, 2013 WL 178141, *1 (E.D.Cal. 2013), citing *Semitool, Inc. v. Toyko Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002). Courts have permitted limited discovery after a complaint is filed to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant. *Columbia Ins. Co. v. SeesCandy.com*, 185 F.R.D. 573, 577 (N.D.Cal. 1999), citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The court recognized that "[w]ith the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP with little or no hope of actually discovering the identity of the tortfeasor." *Id.* at 578.

To ensure that such early discovery will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant, and will not be used to harass or intimidate, the court in *Columbia Ins. Co.* adopted the following requirements: (1) the

plaintiff should identify the defendant with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff should identify all previous steps taken to locate the elusive defendant; (3) the plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff should file a request for discovery identifying the persons or entities on whom the discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information. *Id.*, 185 F.R.D. at 578-79. *See also Quad International, Inc. v. Doe*, 2013 WL 178141, at *2.

In this case, Bizapedia has reasonably satisfied the Court that the Defendants are real persons or a group of persons who have anonymously posted the statements about Bizapedia on the referenced "consumer watchdog" websites. Bizapedia's assertion that a single person or group of persons is responsible for the postings also appears reasonable given the common information and language used in the postings. Plaintiff has also satisfied the Court that it has undertaken reasonable efforts and steps to identify the Defendants prior to filing suit and moving for leave to conduct early discovery, but has been unable to discover the true names of the Defendants through such efforts. Bizapedia has also established to the Court's satisfaction that Plaintiff's suit against the Defendants could withstand a motion to dismiss. Bizapedia has attached to its motion verbatim copies of the anonymous postings. The court assumes, as it must on a motion to dismiss, that the statements that Bizapedia is engaged in illegal or fraudulent conduct, or that one of its officers and owners has been convicted of violating child pornography laws, are false. The statements are, therefore, by their nature defamatory. Bizapedia has also sufficiently alleged a claim for relief under the Lanham Act, 15 U.S.C. §1125(a), on the basis of its information and belief that the Defendants are competitors of Bizapedia and the statements therefore constitute false advertising designed to damage Bizapedia's business. (It may be determined during discovery that the Defendants are not competitors in which case the Lanham Act claim will not lie. Federal diversity jurisdiction may also be otherwise lacking if it is determined that at least one of the Defendants, like Plaintiff, is a Nevada resident.)

. . .

3

1   Bizapedia initially requests discovery in the form of subpoenas to be served on the four

2   "consumer watchdog" websites--<pissedconsumer.com>, <complaintsboard.com>,

3   <usaconsumercomplaints.com>, and <complaintwire.org>-- which require them to disclose to

4   Plaintiff information sufficient to identify the user data for the listed posts on its websites.  The

5   identifying information shall include, if possessed by the "consumer watchdog" websites, the name,

6   address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses,

7   and email addresses associated with each of the listed posts.  Depending on the information

8   received pursuant to these subpoenas, Bizapedia may apply to the Court for permission to serve

9   subpoenas on the Internet Service Providers (ISP's) for the IP addresses identified by the

10  "consumer watchdog" websites in order to further identify the person or persons responsible for the

11  subject posts.

12  **CONCLUSION**

13      Plaintiff Bizapedia, LLC has shown good cause for the issuance of an order permitting it to

14  conduct early discovery in an effort to identify the true names of the Doe Defendants named in its

15  complaint.  Accordingly,

16      **IT IS HEREBY ORDERED** that Plaintiff Bizapedia, LLC's Ex Parte Motion for Leave to

17  Conduct Early Discovery (#9) is **granted** in accordance with the foregoing provisions of this order.

18      DATED this 17th day of March, 2014.

19

20  _____

21  GEORGE FOLEY, JR.
    United States Magistrate Judge

22

23

24

25

26

27

28

4