# Exhibit B

May. 9. 2014  3:33PM    VZ LC 2                                           No. 3400   P. 4

5/5/14
2:50pm

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
для the
Central District of California

| Bizapedia, LLC, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil Action No. 2:14-cv-00220-APG-GWF |
| Does 1-11, inclusive, | ) | |
| | ) | (If the action is pending in another district, state where:) |
| Defendant | ) | District of Nevada |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: Verizon Online LLC, c/o C T Corporation System
818 W. 7th St. # 200, Los Angeles, CA 90017

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: KRONENBERGER ROSENFELD, LLP<br>150 Post St., Suite 520, San Francisco, CA 94108 | Date and Time:<br>05/16/2014 10:00 |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/01/2014

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Bizapedia, LLC___, who issues or requests this subpoena, are:

Jeffrey M. Rosenfeld, KRONENBERGER ROSENFELD, LLP
150 Post St., Suite 520, San Francisco, CA 94108; (415) 955-1155; jeff@KRInternetLaw.com

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 2:14-cv-00220-APG-GWF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                       _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### Definitions

1. The terms "YOU," "YOUR," and "VERIZON" as used herein mean and include Verizon Online LLC, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2. "ANY" and "ALL" shall mean and include any and all in the most inclusive sense of those terms.

3. "DOCUMENT" and "DOCUMENTS" shall mean and include all materials within the scope of Fed. R. Civ. P. 34 and shall include all writings and recordings (including all originals and all non-identical copies) as defined by Fed. R. Evid. 1001. Without limitation, "DOCUMENT" and "DOCUMENTS" shall include the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form, in any medium, whether in final or draft form, and shall include all Internet weblogs and Internet user logs.

4. "EACH" shall mean and include each and every.

5. "IDENTIFY" shall mean to describe and delineate with detail and specificity, INCLUDING, without limitation, providing ALL background and contextual information relevant thereto.

   a. When used with reference to a natural PERSON, "IDENTIFY" shall mean to state his/her full name, his/her job title and employer at the time referred to, his/her last known job title and employer, and his/her last known

1

residence and business addresses and phone numbers.

b. When used with reference to an entity PERSON, "IDENTIFY" shall mean to state its full name, title, employer, phone number, and address.

c. When used in reference to a DOCUMENT, "IDENTIFY" shall mean to state the date, author (or, if different/applicable, signatories), the type of DOCUMENT (e.g., letter, memorandum, etc.), the PERSON who sent and the PERSON receiving the DOCUMENT, the company and/or individual having possession of the DOCUMENT, and all other specifics necessary to IDENTIFY the DOCUMENT with sufficient particularity. If ANY DOCUMENT was, but is no longer, in YOUR possession or subject to YOUR control, state what disposition was made of it and the reasons for such disposition.

d. When referring to a written COMMUNICATION, "IDENTIFY" shall mean to state the DOCUMENTS in which the COMMUNICATION was made.

e. When referring to an oral COMMUNICATION, "IDENTIFY" shall mean to state the identity of the PERSONS participating in the COMMUNICATION and the date and time it occurred.

f. When used in reference to a fact, "IDENTIFY" shall mean to state the fact in sufficient detail to reflect all potentially relevant information and to IDENTIFY the documentary or testimonial support for that fact.

g. When referring to a product or thing, "IDENTIFY" shall mean to state the

6. The term "INCLUDING" as used herein is illustrative and is in no way a limitation on the information requested.

7. "PLAINTIFF" as used herein means and includes Plaintiff Bizapedia, LLC and ALL PERSONS acting on its behalf, INCLUDING without limitation, ALL past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents, or attorneys.

8. "PERSON" or "PERSONS" shall mean and include ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability company (LLC), doing business as (DBA), or other legal, business, or governmental entity.

9. As used herein, the singular form of a noun or pronoun will include within its meaning the plural form of a noun or pronoun, and vice versa; the use of the masculine form of a pronoun will include within its meaning the feminine form of the pronoun, and vice versa; the use of the tense of any verb will include all other tenses of the verb so used; and the use of "and" will include "or" and vice versa.

## Instructions

1. Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at Kronenberger Rosenfeld, LLP, 150 Post Street, Suite 520, San Francisco, CA 94108 within the time permitted by law. By permitting YOU to

provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2. EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be identified at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3. For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4. Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which they were derived sufficient to permit the materials to be rendered intelligible.

5. IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6. If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

//

//

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BIZAPEDIA, LLC,

            Plaintiff,

vs.

DOES 1-10,

            Defendants.

Case No. 2:14-cv-00220-APG-GWF

ORDER

Plaintiff's Second Ex Parte Motion for Leave to Conduct Early Discovery #15

Plaintiff Bizapedia, LLC presented to this Court its Second Ex Parte Motion for Leave to Conduct Early Discovery (#15) on April 25, 2014. Because the identity of the Defendants is unknown at this time, the Court considered the motion on an *ex parte* basis, without advance notice to Defendants.

The Court further finds that the present circumstances constitute an exceptional case justifying relief and good cause exists to allow discovery to be conducted in advance of the required Federal Rule of Civil Procedure 26(f) conference on discovery.

Having considered the motion, memoranda, supporting declarations, the pleadings and papers on file in this action, the relevant statutory and case law, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Second Ex Parte Motion for Leave to Conduct Early Discovery (#15) is granted.

IT IS FURTHER ORDERED that Plaintiff is authorized to issue and serve subpoenas to Time Warner Cable Internet LLC, TekSavvy Solutions, Inc., and Verizon Online LLC, for the limited purpose of obtaining information sufficient to identify the names and locations of Defendants. The subpoenas shall be limited to identifying the holder of the account associated

No. 3400   P. 13

ed 04/30/14   Page 2 of 2

1  with the su... periods that allegedly defamatory or
2  disparaging statements were posted on the watchdog websites.
3      IT IS FURTHER ORDERED that if an entity served with a subpoena under this Order is
4  a cable operator, as that term is defined in 47 U.S.C. §522(5), the Court hereby authorizes the
5  disclosure of that entity's subscriber's personally identifiable information to the extent such
6  disclosure is necessary to comply with the subpoena, pursuant to 47 U.S.C. §551(c)(2)(B).
7      DATED this 30th day of April, 2014.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge

2

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, information sufficient to IDENTIFY the user data AND account holder for the following IP addresses, at the specified dates and times (Eastern Standard Time provided). Such identifying information shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| Date   | Time  | IP Address     |
|--------|-------|----------------|
| 1/1/14 | 14:51 | 173.69.162.52  |
| 1/1/14 | 17:53 | 173.69.162.52  |